IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HELDER VLADIMIR LOVO<br>55 Bremer Drive<br>Glen Burnie, Maryland 20161 | * * | |
| *Plaintiff*, | * | Civil Action No. 1:17-cv-418 |
| v. | * | |
| ASR GROUP, INC. d/b/a Domino Sugar<br>8447 Jacqueline Court<br>Jessup, Maryland 20794 | * * | |
| *Serve Registered Agent*<br>Fareed Ahmed<br>8447 Jacqueline Court<br>Jessup, Maryland 20794<br>*- or -*<br>Any other authorized<br>agent for this Defendant | * * * * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Helder Vladimir Lovo, by and through counsel, LUCHANSKY LAW, files this Original Complaint and Jury Demand against Defendant ASR Group, Inc. d/b/a Domino Sugar (hereinafter "Defendant").

### INTRODUCTION

1. This lawsuit arises out of Defendant's willful and unlawful conduct in failing to properly compensate Plaintiff for earned overtime wages.

2. As a result of Defendant's willful failure to properly compensate Plaintiff for all wages due and owing, Defendant are liable for violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and

Collection Law ("MWPCL").  *See* 29 U.S.C. § 201, *et seq.*; Md. Code Ann., Lab & Empl., § 3-401, *et seq.*; Md. Code Ann., Lab & Empl., § 3-501, *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims presented herein pursuant to the FLSA.

4. The claims set forth pursuant to the MWHL and MWPCL are so related and intertwined with Plaintiff's claims under the FLSA that they form part of the same case and controversy. Therefore, this Court has supplemental and ancillary jurisdiction over Plaintiff's State claims relating to Defendants' willful violations of the MWHL and MWPCL.

5. Venue is appropriate in this judicial district because this is a judicial district wherein Defendants conduct business and a district wherein many of the unlawful employment practices described herein are believed to have occurred.

## PARTIES

**A.** *Plaintiff.*

6. Helder Vladimir Lovo lives in the State of Maryland, is a resident of Anne Arundel County and is an employee of Defendant.

**B.** *Defendant*

7. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, regional managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of

Defendant's officers, directors, vice-principals, agents, servants, regional managers or employees.

8. Defendant is a large scale sugar refinery which conducts business in Baltimore, Maryland.

9. Defendant is subject to the personal jurisdiction of this Court.

10. Defendant may be served at the address listed in the above caption or wherever an appropriate agent for this Defendant may be found.

11. Defendant was Plaintiff's employer as the term "employer" is defined by the FLSA.

12. Defendant was Plaintiff's employer as the term "employer" is defined by the MWHL.

13. Defendant engages in interstate commerce.

14. Defendant conducts interstate commerce.

15. Defendant employs more than two employees who are engaged in commerce and work on goods or materials that have moved in or were produced for interstate commerce as a single enterprise under the FLSA. By way of illustration, and not limitation, Defendant engages in interstate commerce as follows: (1) employees of Defendant negotiate and purchase supplies from producers and suppliers who operate in interstate commerce; (2) employees of Defendant regularly use wire and electronic means to communicate in interstate communications; (3) Defendant regularly initiates and processes credit card transactions for clients and vendors, all of which involve interstate communications; and (4) pursuant to a statement on its website, Defendant sells its "branded and private label sugars, sweeteners and syrups in the grocery, food

service, industrial and pharmaceutical channels in the Americas, Caribbean, Europe, the Middle East, India and Asia."

16. Defendant satisfies the enterprise coverage provisions of the FLSA.

17. Defendant has annual revenue in excess of $500,000.

18. Defendant is an employer which is subject to the terms of the FLSA.

19. Defendant is an employer which is subject to the terms of the MWHL.

## FACTUAL ALLEGATIONS

**A.** *Introduction.*

20. Plaintiff began working for ASR in or around September of 2015.

21. Throughout his employment with ASR, Plaintiff has been a non-exempt employee under the FLSA and MWHL.

22. Plaintiff has satisfactorily performed, and currently satisfactorily performs, the duties of his job while employed by ASR.

23. Plaintiff has adequately performed, and currently adequately performs, the duties of his job to the benefit of ASR.

**B.** *Plaintiff's job duties.*

24. Plaintiff's job title is Process Supervisor.

25. Plaintiff's primary job duties as a Process Supervisor involve overseeing the work of hourly employees within the refinery, monintoring their performance to determine whether production goals are being met, coordinating with ASR's mainteance department regarding equipment operation, handling employee call-outs, and limited authority with regard to resolving staffing, scheduling, and performance issues.

26. Plainitiff's job duties do not qualify him as an exempt employee purusant to the executive exemption to the FLSA.

27. Plainitiff's job duties do not qualify him as an exempt employee purusant to the administrative exemption to the FLSA.

28. The exercise of discretion as to matters of significance is not a primary duty of Plaintiff's employment.

29. The exercise of independent judgment as to matters of significance is not a primary duty of Plaintiff's employment.

30. The exercise of discretion as to matters related to management policy is not a primary duty of Plaintiff's employment.

31. The exercise of independent judgment as to matters related to management policy is not a primary duty of Plaintiff's employment.

32. The exercise of discretion as to matters of general business operations is not a primary duty of Plaintiff's employment.

33. The exercise of independent judgment as to matters of general business operations is not a primary duty of Plaintiff's employment.

34. The exercise of discretion as to matters relating to business expenditures is not a primary duty of Plaintiff's employment.

35. The exercise of independent judgment as to matters relating to business expenditures is not a primary duty of Plaintiff's employment.

36. Plaintiff does not have the authority to bind ASR in matters of significance.

37. Plaintiff does not have the authority to commit ASR in matters that have a significant financial impact.

38. Plaintiff does not have authority to change the course of direction or plans that were otherwise being carried out by ASR.

39. Plaintiff does not monitor or implement legal compliance measures on behalf of ASR.

40. Plaintiff does not have the authority to formulate or implement management policies on behalf of ASR.

41. Plaintiff does not have the authority to deviate from established policies and procedures without prior approval from ASR.

42. Plaintiff does not have the authority to negotiate and bind ASR on significant matters.

43. Providing expert advice to management is not a primary duty of Plaintiff's employment.

44. The planning of long- or short-term business objectives is not a primary duty of Plaintiff's employment.

45. Plaintiff does not represent ASR in arbitrating disputes.

46. Plaintiff does not represent ASR in resolving grievances.

47. Plaintiff does not have the authority to hire new employees for ASR.

48. Plaintiff does not have the authority to terminate the employment of employees of ASR.

49. Plaintiff does not have the authority to set the rate of pay of other employees of ASR.

50. Plaintiff generally does not have the authority to set the hours of work of other employees of ASR, other than limited and narrowly defined authority such as approving an employee's request for a day-off and scheduling another employee to fill that shift.

51. Plaintiff does not appraise other employees' productivity for the purpose of recommending promotions or other changes in status.

52. Plaintiff does not handle employee complaints.

53. Plaintiff does not have the authority to issue written disciplines to employees of ASR without approval from his supervisor.

54. Independently planning the work of other employees of ASR is not a primary duty of Plaintiff's employment.

55. Independently apportioning work assignments among other employees of ASR is not a primary duty of Plaintiff's employment.

56. Plaintiff does not plan and control ASR's budget.

57. There is no exemption under Maryland State or Federal law which serves to excuse ASR from compensating Plaintiff at the appropriate overtime premium rate for hours worked in excess of 40 during a seven-day workweek.

58. ASR willfully disregarded its obligation to maintain accurate records of hours worked by Plaintiff, a non-exempt employee.

**C.** ***Defendants failed to properly compensate Plaintiff for all hours worked and failed to maintain accurate records of the hours Plaintiff worked.***

59. While Plaintiff's hours varied from week-to-week during his employment with ASR, Plaintiff routinely worked in excess of 40 hours in a seven-day workweek.

60. ASR did not compensate Plaintiff at the overtime premium rate for hours Plaintiff worked in excess of 40 during a single workweek.

61. ASR did not provide Plaintiff with any additional compensation for hours worked in excess of 40 during a single workweek.

62. Plaintiff has regularly worked in excess of 40 hours in a workweek throughout his employment and was not properly compensated by ASR for these hours.

63. Defendants, acting without good faith, knowingly withheld wages owed to Plaintiff.

64. Throughout his employment, Plaintiff was entitled to receive overtime compensation for hours worked in excess of 40 in a seven-day workweek.

65. There is no *bona fide* dispute that Plaintiff was entitled to receive overtime compensation for hours worked in excess of 40 in a seven-day workweek.

66. Plaintiff seeks wages owed and other available relief against Defendants through Plaintiff's Complaint for unpaid wages

67. ASR had a duty to maintain accurate records of all hours worked by Plaintiff.

68. ASR failed to maintain accurate records of all hours worked by Plaintiff. By way of example, and not limitation, ASR did not accurately track: the hour at which Plaintiff arrived; pre-shift meetings; working through breaks; the hour at which Plaintiff's shift concluded; or work performed by Plaintiff remotely or while away from ASR's location.

69. ASR failed to maintain any system that served to contemporaneously record the hours worked by Plaintiff.

70. ASR failure to maintain accurate records of all hours worked by Plaintiff was willful.

**D.** *Defendants acted "willfully."*

71. Defendants acted willfully, as that term is used in the context of the MWHL and FLSA in their failure to properly compensate Plaintiff.

72. Defendants knew, or had reason to know, that Plaintiff was performing work which was for the benefit of Defendants while he was not receiving any compensation and/or was not being properly compensated at the proper overtime premium rate.

73. Defendants knew, or had reason to know, that Plaintiff was a non-exempt employee pursuant to the FLSA and MWHL.

74. Despite the fact that Defendants knew, or had reason to know, that Plaintiff was performing work for Defendants' benefit during periods when Plaintiff was not being compensated properly, Defendants continued to allow Plaintiff to perform this work and failed to properly compensate Plaintiff for the work performed.

75. Despite the fact that Defendants were aware of the wage and hour laws, Defendants failed to comply with these laws.

76. Defendants regularly instructed Plaintiff to perform overtime work with the intention of not paying his at the applicable overtime premium rate.

77. Defendants concocted the above described illegal pay practices for the purpose of compensating Plaintiff for fewer hours than he was legally entitled to receive.

### COUNT I
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq*
### Failure to pay all wages owed and failure to pay overtime

78. Plaintiff hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

79. This count arises from Defendant's violation of the Fair Labor Standard's Act, 29 U.S.C. section 207, for Defendant's failure to pay overtime wages to Plaintiff for all time worked in excess of forty hours per week.

80. Plaintiff was regularly directed by Defendant to work, and did so work, in excess of 40 hours in one or more individual workweeks.

81. Defendant required Plaintiff to work hours for which he was not compensated at all, including hours that were worked in excess of 40 hours in one or more individual work weeks.

82. Pursuant to 29 U.S.C. section 207, for all workweeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at a rate of one-and-one-half times his regular rate of pay for the time worked in excess of 40 hours.

83. Defendant did not compensate Plaintiff at a rate of one-and-one-half times times Plaintiff's regular rate for all time worked in excess of 40 hours in individual workweeks.

84. Defendant's failure to pay overtime wages for time worked in excess of 40 hours per week and its failure to pay Plaintiff entirely for certain work performed was a violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq*.

85. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff suffered significant damages.

86. Defendant's failure and refusal to pay all wages owned was a willful violation of Fair Labor Standards Act, 29 U.S.C. section 207, *et seq*.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    a. Judgment against Defendant for violation of the wage provisions of the FLSA;

  b.  Judgment that Defendant's violations as described above were willful;

  c.  An award in an amount equal to Plaintiff's unpaid back wages owed;

  d.  An award to Plaintiff of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

  e.  An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216 section and/or any other applicable laws;

  f.  An award of prejudgment interest to the extent liquidated damages are not awarded;

  g.  Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

  h.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT II
### Maryland Wage and Hour Law
### Md. Code Ann., Lab & Empl. § 3-401, *et seq.*
### Failure to pay all wages owed and failure to pay overtime

87.  Plaintiff hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

88.  Plaintiff was not paid for all hours actually worked, are protected by the MWHL, and was entitled to be paid at Plaintiff's regular hourly rate for each hour worked. Md. Code Ann., Lab & Empl. § 3-401, *et seq.*

89.  Defendant did not compensate Plaintiff at the regular hourly rate for each hour worked.

90.  Defendant's failure to pay Plaintiff and the appropriate wages for all hours worked violated MWHL.

91. Plaintiff was entitled to be compensated for all hours worked and to be compensated at 1.5 times the regular hourly wage for each hour worked over 40 in a single workweek, which Defendant failed to do.

92. Defendant's failure to compensate Plaintiff at 1.5 times his regular hourly wage for each hour in excess of 40 hours per workweek violated the MWHL.

93. As a direct and proximate result of Defendant's violations of the MWHL, Plaintiff suffered significant damages.

94. Pursuant to the MWHL, Defendant is liable to Plaintiff for, *inter alia*, all hours worked which were not properly compensated and for the difference between the wages paid to Plaintiff and the wages required by statute, plus reasonable attorneys' fees, pre- and post-judgment interest, fees and costs.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

a. Judgment against Defendant for violation of the overtime provisions of the MWHL;

b. Judgment that Defendant's violations as described above were willful;

c. An award in an amount equal to all unpaid back wages owed to Plaintiff;

d. An award to Plaintiff for the amount of unpaid wages owed, up to treble damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e. An award of reasonable attorneys' fees and costs pursuant to the MWHL and all other applicable laws;

f. An award of prejudgment interest to the extent liquidated or treble damages are not awarded;

g. Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

h. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT III
### Maryland Wage Payment and Collection Law
### Md. Code Ann., Lab & Empl. § 3-501, *et seq.*

95. Plaintiff hereby incorporates all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

96. As Plaintiff's employer, Defendant was obligated to pay Plaintiff all wages due for the work that was performed, including overtime wages.

97. As outlined above, Defendant failed to compensate Plaintiff for overtime wages owed.

98. Defendant's failure and refusal to pay all wage due to Plaintiff, including overtime wages, was not the result of a *bona fide* dispute.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

a. Judgment against Defendant for violation of the overtime provisions of the MWPCL;

b. Entry of a money judgment against Defendant in an amount equal to three (3) times the amount of all unpaid wages that Defendant failed to pay Plaintiff;

c. An award of reasonable attorneys' fees and costs pursuant to the MWPCL and all other applicable laws;

d. An award of prejudgment interest to the extent liquidated or treble damages are not awarded;

e. Award of reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

f. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

### JURY DEMAND

99. Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: February 14, 2017                    Respectfully submitted,

        /s/ *Judd G. Millman*
Judd G. Millman (Fed Bar No. 18212)
  judd@luchanskylaw.com
Bruce M. Luchansky (Fed. Bar No. 08439)
  lucky@luchanskylaw.com
**LUCHANSKY LAW**
606 Bosley Avenue, Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021
*Attorneys for Plaintiff*