IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HELDER VLADIMIR LOVO,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**AMERICAN SUGAR REFINING, INC.,** *et al.*<br><br>          **Defendants.** | Civil Action No. 1:17-CV-00418-JFM |

**DEFENDANT AMERICAN SUGAR REFINING, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant American Sugar Refining, Inc. ("ASR"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for the entry of summary judgment in its favor on all of the claims brought against it by Plaintiff, Helder Vladimir Lovo ("Lovo"), for the reasons stated below and in the accompanying Memorandum in Support of Defendant American Sugar Refining, Inc.'s Motion for Summary Judgment.

1.      Lovo worked for ASR as a Process Supervisor at its sugar refinery in Baltimore, Maryland (the "Baltimore Refinery"), from September 2015 until November 2017.

2.      Discovery closed on January 2, 2018. Accordingly, this case is ripe for disposition on summary judgment. Based on the undisputed facts, ASR is entitled to judgment as a matter of law on all claims.

3.      Lovo asserts that Defendants improperly classified him as exempt from overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* ("MWHL), and that, as

a result, Defendants did not pay him all of the wages owed to him, in violation of the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* ("MWPCL").

4. Based on the undisputed facts, ASR is entitled to judgment as a matter of law on each of Lovo's claims, because ASR properly classified Lovo as exempt from overtime for purposes of the FLSA and the MWHL. Consequently, ASR paid Lovo all of the wages owed to him.

5. ASR is entitled to summary judgment on Lovo's claims under the FLSA and the MWHL, because it properly classified Lovo as exempt from overtime pursuant to the executive employee exemption:

   a. It is undisputed that ASR paid Lovo on a salary basis well in excess of $455 per week;

   b. It is undisputed that Lovo's primary duty was management of recognized subdivisions of the Process Department at the Baltimore Refinery, namely, the dock operations, the Wash House, and the Filter House;

   c. It is undisputed that Lovo customarily and regularly directed the work of more than two full-time operators and longshoremen; and

   d. The undisputed facts show that Lovo had the authority to determine how many longshoremen ASR would hire each day when working on the dock operations, to issue discipline that could ultimately result in termination of the employees that he supervised, and to determine whether new employees could continue in their positions after their initial training periods.

6. ASR is also entitled to summary judgment on Lovo's claims under the FLSA and the MWHL, because ASR properly classified Lovo as exempt from overtime pursuant to the administrative employee exemption:

   a. It is undisputed that ASR paid Lovo on a salary basis well in excess of $455 per week;

   b. The undisputed facts show that Lovo's primary duty was management, rather than performing manual labor; and

  c. The undisputed facts show that on a daily basis Lovo exercised significant discretion and independent judgment on matters of significance in a variety of areas, including personnel management, quality control, safety and health, and labor relations.

7. ASR is entitled to summary judgment on Lovo's claim under the MWPCL:

  a. ASR did not unlawfully withhold wages from Lovo, because ASR properly classified Lovo as an exempt employee pursuant to the executive and administrative employee exemptions;

  b. Treble damages under the MWPCL are unavailable to Lovo because the undisputed facts show that, at a minimum, there is a bona fide dispute over Lovo's entitlement to overtime; and

  c. There is no evidence in the record of Lovo having suffered consequential damages as a result of the alleged failure by ASR to pay overtime to him.

WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying Memorandum in Support of Defendant American Sugar Refining, Inc.'s Motion for Summary Judgment, the Court should grant ASR's Motion for Summary Judgment, enter judgment in favor of ASR on all of Lovo's claims, and award ASR the costs and attorneys' fees it incurred in defending this action.

Dated: February 26, 2018      Respectfully submitted,

                /s/
                Emmett F. McGee, Jr. (Federal Bar No. 08462)
                Keith Hudolin (Federal Bar No. 13688)
                JACKSON LEWIS P.C.
                2800 Quarry Lake Drive, Suite 200
                Baltimore, MD 21209
                Telephone: (410) 415-2000
                Facsimile: (410) 415-2001
                emmett.mcgee@jacksonlewis.com
                keith.hudolin@jacksonlewis.com

                *Attorneys for Defendants*