IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HELDER VLADIMIR LOVO,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**AMERICAN SUGAR REFINING, INC.,** *et al.*<br><br>      **Defendants.** | Civil Action No. 1:17-CV-00418-JFM |

**DEFENDANT RYAN WOOTERS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Ryan Wooters ("Wooters"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for the entry of summary judgment in his favor on all of the claims brought against him by Plaintiff, Helder Vladimir Lovo ("Lovo"), for the reasons stated below, in the accompanying Memorandum in Support of Defendant Ryan Wooters' Motion for Summary Judgment, and in the Motion for Summary Judgment and accompanying Memorandum in Support filed by defendant American Sugar Refining, Inc. ("ASR").

1.    Lovo worked for ASR as a Process Supervisor at its sugar refinery in Baltimore, Maryland (the "Baltimore Refinery"), from September 2015 until November 2017. Wooters, who works for ASR as the Process Manager at the Baltimore Refinery, was Lovo's direct supervisor from June 2016 until Lovo's resignation in November 2017.

2.    Discovery closed on January 2, 2018. Accordingly, this case is ripe for disposition on summary judgment. Based on the undisputed facts, Wooters is entitled to judgment as a matter of law on all claims.

3. Lovo asserts that Defendants improperly classified him as exempt from overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* ("MWHL), and that, as a result, Defendants did not pay him all of the wages owed to him, in violation of the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* ("MWPCL").

4. Based on the undisputed facts, Wooters is entitled to judgment as a matter of law on each of Lovo's claims because, for the reasons stated in ASR's Motion for Summary Judgment and the accompanying Memorandum in Support, which Wooters adopts and incorporates herein by reference, ASR properly classified Lovo as exempt from overtime for purposes of the FLSA and the MWHL and, consequently, ASR paid Lovo all of the wages owed to him.

5. Even if ASR had misclassified Lovo as exempt from overtime pay, Wooters is not liable to Lovo because only employers may be liable under the FLSA, the MWHL, and the MWPCL. Under the applicable economic realities test, Wooters was merely Lovo's supervisor and not his employer:

    a. Wooters is an employee of ASR with no ownership interest in the company or the Baltimore Refinery at which he works;

    b. Wooters had no role whatsoever in hiring Lovo or classifying Lovo as an exempt employee;

    c. Wooters has no authority to determine the rates or methods of payment for any other ASR employees;

    d. Wooters does not have authority to set human resources policies or procedures for ASR;

    e. Wooters does not maintain employment records for ASR; and

    f. Wooters' authority with respect to terminating the employment of other ASR employees is limited to making recommendations that are subject to review by the Refinery Manager and the Human Resources Manager.

WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying Memorandum in Support of Defendant Ryan Wooters' Motion for Summary Judgment and in the Motion for Summary Judgment and accompanying Memorandum in Support filed by ASR, the Court should grant Wooters' Motion for Summary Judgment, enter judgment in favor of Wooters on all of Lovo's claims, and award Wooters the costs and attorneys' fees he incurred in defending this action.

Dated: February 26, 2018                    Respectfully submitted,

                                            /s/
                                            ───────────────────────────────
                                            Emmett F. McGee, Jr. (Federal Bar No. 08462)
                                            Keith Hudolin (Federal Bar No. 13688)
                                            JACKSON LEWIS P.C.
                                            2800 Quarry Lake Drive, Suite 200
                                            Baltimore, MD 21209
                                            Telephone:    (410) 415-2000
                                            Facsimile:    (410) 415-2001
                                            emmett.mcgee@jacksonlewis.com
                                            keith.hudolin@jacksonlewis.com

                                            *Attorneys for Defendants*